Michael T. EARLES, Plaintiff,

v.

UNION BARGE LINE CORP., Walker's Boat Yard, Defendants,

and

Union Barge Line Corp., Garnishee.

Billy Leroy McNAMER, Plaintiff,

v.

UNION BARGE LINE CORP., Walker's Boat Yard, Defendants,

and

Union Barge Line Corp., Garnishee.

Civ. A. Nos. 67–751, 67–964.

United States District Court,
W. D. Pennsylvania.

Nov. 24, 1970.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiffs.

Bruce R. Martin, Pittsburgh, Pa., for defendant Union Barge Line Corp.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

Earles and McNamer, the plaintiffs, were injured aboard a tank barge, UBL 903, which is owned by the defendant, Union Barge Line Corporation. The other named defendant, Walker's Boat Yard, was the plaintiffs' employer at the time of the accident, and since the plaintiffs have failed to obtain service of process upon Walker, the action against it has been dropped. The plaintiffs' actions against defendant Union Barge Line are based solely on the breach of its warranty of seaworthiness of the barge.

The defendant, Union Barge Line, has moved for summary judgment. In our opinion the motion should be denied.

On May 6, 1967, Igert, Inc., delivered the empty tank barge, UBL 903, to Walker's Boat Yard for cleaning of the barge's six storage tanks. Two days later, the plaintiffs were ordered to clean it by rinsing the barge's tanks with water.

Each tank was entered by going through a hatch on top, and down a 12-foot ladder. Earles was the first to enter the tank. Twenty or thirty seconds after he entered the tank he lost consciousness, fell to the floor and suffered burns on his body from the chemical which still remained in the barge. Another Walker employee, Woodford, followed Earles into the tank, and then, McNamer was the last to enter. Woodford also lost consciousness, but McNamer managed to climb out of the tank and summon help.

It is alleged that the tank of the barge contained noxious and toxic fumes which emanated from the residual of the previously carried cargo of chemicals.[1]

In defendant Union Barge Line's motion for summary judgment, it stated that the only issue to be decided is:

"When an unmanned chemical barge has been turned over to a boat yard for the purpose of having its tanks stripped of old cargo, cold water washed, and pumped clean, and the boat yard sends its employees into the tanks without protection or precautions, are the resulting injuries to those employees attributable to unseaworthiness?"

■ We are of the opinion that this question could be answered in the affirmative. The question of whether or not a vessel is unseaworthy is a question for the jury. Venable v. A/S Det Forenede Dampskibsselskab, 399 F.2d 347, 353 (4th Cir. 1968).

■ A shipowner's warranty of seaworthiness includes a reasonably safe place for a seaman to perform his chores. Venable v. A/S Det Forenede Dampskibsselskab, supra. This warranty is nondelegable. Carroll v. Frontera Compania Naviera, 390 F.2d 311, 314 (3d Cir. 1968).

■ The defendant also asserts that the plaintiffs' employer violated the Health and Safety regulations, and therefore, the defendant should be exonerated. This contention is without merit. Evidence of Safety Regulations and the breach of them by the independent contractor can be introduced to show that the ship was unseaworthy, and if the unseaworthiness was the proximate cause of the injuries, the owner of the ship would be liable. Provenza v. American Export Lines, Inc., 324 F.2d 660, 665 (4th Cir. 1963), cert. denied, 376 U.S. 952, 84 S.Ct. 970, 11 L.Ed.2d 971 (1964).

■ It appears that there are genuine issues of material facts, inter alia, (1) whether or not the barge was unseaworthy, (2) whether or not regulations were violated, and if so, (3) whether or not that violation in whole or in part rendered the barge unseaworthy. Since the movant has failed to sustain its burden of demonstrating that there is no genuine issue of material fact, the summary judgment will be denied. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 190 F.2d 817, 824 (3d Cir. 1951).

An appropriate order will be entered.

---

1. It is alleged by Union Barge Line and and not denied by plaintiffs that the tank barge previously carried a cargo of Toluene.